THE CECO CORPORATION *vs.* JOSEPH E. BENNETT. February 4, 1969. In this action of contract the plaintiff seeks recovery for work performed by it for the subcontractor of the defendant on an apartment building in Salem. The subcontractor under a standard subcontract agreement commenced its work about January 27, 1964, and the plaintiff started its work shortly thereafter. In early May, with the subcontractor in financial difficulty, the defendant took over its work to complete it. At this time the subcontractor owed the plaintiff money under the agreement between them. On May 28, 1964, the defendant agreed by letter to make all payments "direct" to the plaintiff which would be due to it under its contract with the subcontractor for work performed after May 11, 1964. In the same letter the defendant said, "We will withhold all funds properly due . . . [the subcontractor] on

their contract for work performed by you prior to May 11, 1964, to guarantee payment properly due you." The plaintiff argues that this is an unconditional guaranty of payment to it for work performed for the subcontractor prior to May 11, 1964. The construction of a written agreement is a matter of law for the court. *Ingalls* v. *Green*, 337 Mass. 444, 447. *Doral Country Club, Inc.* v. *O'Connor, ante*, 27, 31. This instrument was merely an assurance that money due to the plaintiff for work prior to May 11, 1964, would not be directed by the subcontractor to another purpose. It cannot be read as a promise to be liable for money due for that work. The court did not err in its finding for the defendant nor in granting those requests of the defendant to which exception was taken. Compare *Zeo* v. *Loomis*, 246 Mass. 366, 368, and cases cited.

*Exceptions overruled.*

*Richard A. Robinson* for the plaintiff.
*Arthur E. Nicholson* for the defendant.