REPUBLIC PIPE AND SUPPLY CORP. *vs.* MARNELL CONSTRUCTION CORPORATION. June 29, 1977. The trial judge was correct in construing the letter of June 28 as a guaranty by Marnell to pay all sums owed by Sawyer to Republic on account of materials supplied by Republic for the Bay Towers project. We arrive at that conclusion because the narrow interpretation of the letter urged by Marnell would tend to negate its effect as a rational business instrument and produce a result unreasonable in the business context in which the parties acted (*Ucello* v. *Cosentino,* 354 Mass. 48, 52 [1968], and cases cited), and because any ambiguity in the letter is to be resolved against Marnell as the author thereof, who must be held to the reasonable interpretation attributed to the letter and relied upon by Republic (*Merrimack Valley Natl. Bank* v. *Baird,* 372 Mass. 721, 723-725 [1977], and cases cited). *Ceco Corp.* v. *Bennett,* 355 Mass. 791 (1969), on which Marnell relies, is not to the contrary. The opinion in the *Ceco* case and the bill of exceptions on which it was based disclose: (a) that the claims of the plaintiff therein were grounded on a letter dated May 28, 1964, which contained a commitment similar to the one in the second paragraph of Marnell's letter to pay for work accomplished *after* May 11 of that year, but nothing more than a promise to "withhold all funds properly due" the defaulting subcontractor for work done *before* that date in order "to guarantee payment properly due" the plaintiff; (b) that the plaintiff's claim on account of work done *after* May 11 was paid while the case was pending in the Superior Court and was not at issue when it reached the Supreme Judicial Court; and (c) that the decision of the latter court was therefore addressed exclusively to the meaning of the plainly distinguishable language of the letter regarding

the claim which arose for work done *before* May 11. In view of the admissions chargeable to Marnell which were before the judge on Republic's motion for summary judgment, including the admission in Marnell's answer of the factual components of paragraph 4 of the complaint (see *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 557, fn.6 [1976]), we are also satisfied that Republic established the absence of any genuine, triable issue of material fact and was entitled to the judgment entered. *Community Natl. Bank* v. *Dawes, supra,* at 553. *John B. Deary, Inc.* v. *Crane,* 4 Mass. App. Ct. 719, 722 (1976). There has been no "clear showing of abuse of discretion" in the denial of Marnell's motion for relief from that judgment. *Nolan* v. *Weiner,* 4 Mass. App. Ct. 800 (1976), and cases cited.

*Judgment affirmed.*

*Order denying motion for relief from judgment affirmed.*

The case was submitted on briefs.
*W. P. Colin Smith, Jr.,* for the defendant.
*Richard Katze* for the plaintiff.