CANAM STEEL CORPORATION *vs.* BOWDOIN CONSTRUCTION CORPORATION. No. 92-P-643. May 25, 1993. *Contract*, Subcontract, Performance and breach, Construction of contract.

As between itself and its subcontractors, the general contractor, Bowdoin Construction Corporation ("Bowdoin"), had a "pay when paid" clause in its subcontracts, i.e., a provision which conditioned payment of amounts due subcontractors on receipt of payment for the work involved from the owner of the construction job.[1] Canam Steel Corporation ("Canam") was prepared to supply steel decking to the structural steel subcontractor, Boston Boiler Works, Inc. ("BBW"), but, chary about BBW's credit, asked for tangible reassurance from Bowdoin before responding to BBW's purchase order for steel. Bowdoin gave assurance in the form of a letter to Canam that read as follows

"It is our intent to issue a check made jointly to Canam Steel Corp. and Boston Boiler Works, Inc. for their P.O. # 1867 in the amount

[1]The "pay when paid" provision appeared in § 2 of Bowdoin's printed form subcontract and read as follows: "Receipt of payment by the Contractor shall be a condition precedent to any payment to the Subcontractor hereunder."

not to exceed $37,422. It will be paid 60 days [ ² ] from the date of your invoice. This is for materials on Paragon Plaza only. The following signatures will execute this agreement.

"Payment to be made under the terms and conditions of the contract between Boston Boiler Works, Inc. and Bowdoin Construction Corp."

Canam performed its obligations, but Bowdoin failed to pay for steel supplied on the ground Bowdoin had not been paid by the owner. This action by Canam followed. A judge of the Superior Court awarded partial summary judgment in favor of Canam and Bowdoin appealed.³

Bowdoin's position is that the last sentence of its letter to Canam, referring to the subcontract between Bowdoin and BBW, was sufficient to bind Canam to the "pay when paid" provision. A provision tying payment to a subcontractor to receipt of payment by the general contractor from the owner is, however, not effective unless that contingency is very clearly expressed. *A. J. Wolfe Co.* v. *Baltimore Contractors, Inc.*, 355 Mass. 361, 365-367 (1969). Here Bowdoin's undertaking to issue a joint check to Canam and BBW within a specified time is express while its reference to the "pay when paid" contingency is at best indirect, viz., through incorporation of the entirety of a three-page printed form set in six-point body type and containing provisions which, by and large, are irrelevant to a supplier of materials. To the principle of the *Wolfe* case may be added two guides to the interpretation of contracts: first, that ambiguities, if any, are resolved against the party which drew the instruments of agreement, here Bowdoin;⁴ and, second, that tailor-made provisions trump the provisions of a printed form.⁵

*Judgment affirmed.*

*Warren H. Brodie* for the defendant.
*E. Melvin Nash* (*Craig F. Anderson* with him) for the plaintiff.

---

²The record contains an affidavit by Barbara P. Rothwell, the credit manager of Canam, that following receipt of the letter from Bowdoin, she altered the terms of payment to thirty days. That statement was not contradicted.

³The judge made the requisite findings and determinaton under Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), and the appeal, therefore, is properly before us. The amount of the judgment entered in favor of Canam was $37,422, plus prejudgment interest and costs.

⁴*Republic Pipe & Supply Corp.* v. *Marnell Constr. Corp.*, 5 Mass. App. Ct. 848 (1977).

⁵*Carrigg* v. *Cordeiro*, 26 Mass. App. Ct. 611, 616-617 (1988).