MESTEK, INC. *vs.* UNITED PACIFIC INSURANCE CO.

No. 95-P-967.

Suffolk. April 30, 1996. - July 17, 1996.

Present: SMITH, PORADA, & IRELAND, JJ.

*Res Judicata. Practice, Civil,* Motion to dismiss. *Surety. Bond,* Public works.

Principles of res judicata barred a subcontractor from maintaining an action against the general contractor's surety on a labor and materials bond for a public works project, where dismissal of the subcontractor's prior claim against the contractor under Mass.R.Civ.P. 12 (b) (6) constituted an adjudication on the merits and where the second action against the surety arose out of the same transaction and sought redress for the same wrong asserted in the earlier litigation. [731]

A surety properly invoked the defense of res judicata to bar a plaintiff's claim where the plaintiff had failed in an earlier action against the principal to assert a claim on the bond in question and where the earlier action resulted in a judgment in favor of the principal. [731-733]

CIVIL ACTION commenced in the Superior Court Department on September 13, 1990.

The case was heard by *Catherine A. White,* J., on motions for summary judgment.

*John Foskett* for the plaintiff.

*Donna Brewer MacKenna* for the defendant.

PORADA, J. The principal issue presented by this appeal is whether principles of res judicata barred a sub-subcontractor from maintaining an action against the general contractor's surety on a labor and materials bond for a public works project. We conclude they did and affirm the summary judgment entered for the defendant by the motion judge on this ground.

We summarize the facts which are not in dispute. TLT Construction Company (TLT) was awarded a contract to renovate a garage for the Massachusetts Bay Transportation Authority. In order to comply with G. L. c. 149, § 29, TLT

obtained a labor and materials bond for the project from United Pacific Insurance Company (United). The bond provided that both TLT and United were jointly and severally responsible for payment of all labor and materials furnished by the project's subcontractors for which payment had not been received within ninety days of performance.

TLT hired Barrett Associates Inc. (Barrett) as a subcontractor to install heat and air conditioning in the building. Barrett ordered six "air makeup units" from the plaintiff. The plaintiff shipped the units to Barrett and, at a later date, installed them. When the plaintiff did not receive payment from Barrett for the units, it filed an action in the Superior Court against Barrett, Barrett's surety, and TLT to collect the monies owed. The specific claims asserted against TLT in this action were for quantum meruit and to reach and apply monies due Barrett under its contract with TLT. TLT filed a motion to dismiss the two claims under Mass.R.Civ.P. 12 (b)(6), 365 Mass. 755 (1974). Upon entry of judgment for the plaintiff against Barrett, the judge allowed TLT's motion. The plaintiff filed an appeal from the judgment in favor of TLT on the quantum meruit claim only but subsequently withdrew its appeal. The judgment in favor of TLT is now final.

While the plaintiff's suit against TLT was pending, the plaintiff also filed the instant action in the Superior Court against United on the labor and materials bond furnished TLT to collect the monies owed for the units. The plaintiff and United filed cross motions for entry of summary judgment. The motion judge in the Superior Court initially denied both motions, but upon reconsideration allowed United's motion. The motion judge ruled that the dismissal of plaintiff's claim against TLT under Mass.R.Civ.P. 12 (b)(6) operated as an adjudication on the merits. As such, the judge concluded that any claim against TLT and its privy, United, on the labor and materials bond would be barred by the defense of res judicata because plaintiff's claim arose out of the same transaction and sought redress for the same wrong as the earlier litigation.

On appeal, the plaintiff contends that this action is not barred by the defense of res judicata on two alternative grounds: (1) the dismissal of the plaintiff's claims against TLT in the earlier litigation did not constitute an adjudication on the merits; and (2) even if it did, the defense of res

judicata would apply only to its claim on the bond against TLT and not to United. We address these arguments.

1. *Dismissal under Mass.R.Civ.P. 12 (b)(6)*. The plaintiff contends that because the dismissal was based on the failure to state a claim rather than a determination of the merits of its claim against TLT, the judgment should not be given res judicata effect. To adopt the plaintiff's argument would ignore the plain language of Mass.R.Civ.P. 41 (b)(3), 365 Mass. 805 (1974), which provides that "any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Because a motion to dismiss is not one of the specific categories of dismissal which is excluded by the plain language of the rule, we view a motion to dismiss under Mass.R.Civ.P. 12(b)(6) as an adjudication on the merits. Restatement (Second) of Judgments, § 19 comment d (1982); *Osserman* v. *Jacobs,* 369 Mass. 200, 205 (1975); *Mathias* v. *Beatrice Foods Co.,* 23 Mass. App. Ct. 915, 918 (1986). See also *Isaac* v. *Schwartz,* 706 F.2d 15, 17 (1st Cir. 1983), where Justice Breyer observed that "[u]nder Massachusetts law, as elsewhere, a dismissal for failure to state a claim, under Mass.R.Civ.P. 12 (b)(6), operates as a dismissal on the merits, see Mass.R.Civ.P. 41 (b)(3), with res judicata effect." We therefore conclude that the judgment in favor of TLT and its privies should be given res judicata effect.

2. *Defense of the surety*. The plaintiff contends that the defense of res judicata cannot be asserted by United because it is personal to TLT and United's obligation under the bond is independent of TLT's liability. For this argument the plaintiff relies upon our decision in *Eastern Elec. Co.* v. *Taylor Blitman Constr. Corp.,* 11 Mass. App. Ct. 192, 207 (1981), in which we held that a judgment of dismissal in favor of one of two defendants who were engaged in a joint venture based on the plaintiff's failure to answer that defendant's interrogatories did not preclude the plaintiff from pursuing its claim against the other defendant for money owed under a subcontract where the terms of the joint venture agreement delineated sharply contrasting duties and separate areas of responsibility for the two coventurers and where the subcontract was signed by each coventurer as well as on behalf of the joint venture. We conclude that plaintiff's reli-

ance on *Eastern* is misplaced because the relationship of the two defendants in that case is distinguishable from the relationship of TLT and United. In *Eastern* the court relied heavily upon the contrasting duties and separate areas of responsibility of the two coventurer defendants giving rise to separate liability. *Id.* at 199-201. Here, unlike the parties in *Eastern,* the undisputed relationship between TLT and United is one of principal and surety and of privity. As a general rule, a "surety is not liable to the creditor unless his principal is liable." *Rhode Island Hosp. Trust Natl. Bank* v. *Ohio Cas. Ins. Co.,* 789 F.2d 74, 78 (1st Cir. 1986). 10 W. Jaeger, Williston on Contracts § 1214, at 714 (3d. ed. 1967) (hereinafter Williston). There are, however, exceptions to this rule. *Rhode Island Hosp. Trust Natl. Bank,* 789 F.2d at 79; Williston § 1255, at 814. The rule does not apply if the surety's performance is made unconditionally. *Ibid.* In that case, the surety's only defenses are in equity. *Ibid.*

Here, the motion judge ruled that United's promise to pay was unconditional and, thus, the only defenses it could raise were those in equity. We need not decide whether the motion judge's assessment of United's promise as unconditional was correct, for we agree with her conclusion that, in this instance, United could, in fairness, assert the defense of res judicata as a bar to this action. As we noted above, the judgment of dismissal in favor of TLT extinguished its liability to the plaintiff under the bond based on the principles of res judicata. As a result, United's right to indemnification from TLT under the suretyship agreement, see *Fall River Hous. Authy.* v. *H.V. Collins Co.,* 414 Mass. 10, 14-15 (1992), was lost because of plaintiff's failure to assert a claim on the bond in its action against TLT. To hold otherwise would nullify the effect of the judgment in favor of TLT in plaintiff's earlier litigation. See *New Paltz Cent. Sch. Dist.* v. *Reliance Ins. Co.,* 97 A.D.2d 566, 567 (N.Y. 1983). Accordingly, where the extinction of lia- bility of the principal stems from the fault of the creditor, even a surety who had made an unconditional promise to pay may invoke equitable defenses based on the ground that the risk of loss more appropriately should be borne by the creditor rather

than adding to the surety's risks the burden of a deficient creditor performance. *Rhode Island Hosp. Trust Natl. Bank*, 789 F.2d at 80-81. Williston § 1255, at 815. As a result, United could assert the defense of res judicata to bar the plaintiff's action.

*Judgment affirmed.*