Cratsley, J.
The plaintiff, Coastline Fire Protection Co., Inc. (Coastline), is seeking payment from the defendants, Peabody Construction Co., Inc. (Peabody) and Travelers Casualty and Surety Company of America (Travelers), for work done pursuant to a subcontract with Peabody. This matter comes before the court on the plaintiffs motions for summary judgment and preliminary injunction against the defendant Peabody and for summary judgment against the defendant Travelers, both pursuant to Mass.R.Civ.P. 56. For the following reasons, the plaintiffs motions are DENIED as to Peabody and ALLOWED as to Travelers.
BACKGROUND
The following are the undisputed facts of the case taken from the summary judgment record.
Haskell Limited Partnership (Haskell) hired Peabody as the general contractor for a building project located at 63 Parker Hill Avenue, Boston, Massachusetts (Project). On October 11, 2000, Travelers issued a payment bond in favor of Peabody as Principal and Haskell as Obligee. The payment bond contained the following provision:
[Peabody] and [Travelers] hereby jointly and severally agree with [Haskell] that every claimant as herein defined, who had not been paid in full before the expiration of a period of nineiy (90) days after the date on which the last of such claimant’s work or labor was done or performed .. . may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon.
Payment Bond, ¶2.
On November 11, 2000, Coastline, a subcontractor, entered into a written subcontract with Peabody to provide the labor, materials, and equipment to perform fire protection work on the Project. The subcontract contained the following clause:
Final payment shall be made to Subcontractor within seven days after receipt of final payment from Owner for said Work ... In the event a controversy occurs between Owner and contractor concerning the [General] Contract, it is expressly agreed that no compensation for work done by Subcontractor shall be due Subcontractor unless and until Contractor receives payment from Owner for the Work performed by Subcontractor. NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED IN THIS AGREEMENT OR IN THE OTHER CONTRACT DOCUMENTS, IT SHALL BE A CONDITION PRECEDENT TO THE OBLIGATION OF CONTRACTOR TO MAKE ANY PAYMENTS TO SUBCONTRACTOR UNDER THIS AGREEMENT THAT CONTRACTOR SHALL HAVE RECEIVED PAYMENT FROM OWNER FOR THE WORK PERFORMED BY SUBCONTRACTOR.
Subcontract, Section 4.1 (emphasis in original) (Pay-When-Paid Clause).
The original subcontract amount was for $235,000. The parties subsequently agreed to revise the subcontract, and thus, the subcontract amount was also modified. Coastline finished the work on or about October 29, 2002. Peabody has paid Coastline all but $34,055 of the revised subcontract amount. When Peabody completed the project, Haskell refused to make a final payment of all amounts due. Therefore, Peabody did not receive the funds owed to Coastline from Haskell.
Coastline brought this suit against Peabody on December 16, 2002. Sometime thereafter, Peabody and Haskell submitted their dispute to arbitration. On April 7, 2003, the arbitrator issued an award in Peabody’s favor against Haskell. The arbitration award included monies owed to Coastline for its work on the project. The arbitrator awarded Peabody the sum of $63,242 for Peabody’s claim for “Sprinkler System/attic issue,” which is the work performed by Coastline that is the subject of the present action. The arbitrator ordered payment by Haskell to Peabody due within thirty (30) days of the decision.
Peabody sought and obtained confirmation of the arbitration award on or about April 27, 2003, and perfected a mechanics’ lien on the property on which the Project is located. Just before the foreclosure sale that had been ordered to satisfy Peabody’s arbitration award and mechanics’ lien, Haskell sought protection under Chapter 11 of the United States Bankruptcy Act. As of this date, Peabody has not received payment from Haskell and, thus, has not paid Coastline.
DISCUSSION
I. Summary Judgment Standard
The court shall grant summary judgment, pursuant to Mass.R.Civ.P. 56, where no genuine issues of material fact exist and where, viewing the record in the light most favorable to the non-moving party, the moving party demonstrates it is entitled to judgment as a matter of law. Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 711 (1991). Also, summary judgment may be granted against the moving party, and may be *266 granted as to certain issues but not others. See Community Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of establishing the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once this is satisfied, the burden shifts to the party opposing summary judgment to allege specific facts establishing the existence of a genuine issue or issues of material fact. Id.
II. Pay-When-Paid Clause as Against Peabody
Coastline alleges that Peabody owes it $34,055 for the fire protection systems work that it performed on the Project. Coastline argues that it has completed the work and performed in a workmanlike manner. Therefore, Coastline believes that the remaining payment of $34,055 is due. Peabody argues that because the subcontract contains a pay-when-paid clause, it does not owe Coastline any money until it receives payment from Haskell.
The Massachusetts Appeals Court recently decided a case in which the issue concerned a “pay-when-paid” clause. Framingham Heavy Equipment Co., Inc. v. John T. Callahan & Sons, Inc., 61 Mass.App.Ct. 171, 175 (May 11, 2004). In the Framingham case, the Appeals Court was mindful that in construing a subcontract with a “pay when paid” provision, “a condition precedent may not be inferred; the contract must clearly state ‘that payment to the subcontractor is to be directly contingent upon the receipt by the general contractor of payment from the bwner.’ ” Id., quoting A.J. Wolfe Co. v. Baltimore Contractors, Inc., 355 Mass. 361, 365-66 (1969).
Moreover, under Massachusetts law, a court should interpret a contract “so as to make it a valid and enforceable undertaking rather than one of no force and effect.” Finn v. McNeil, 23 Mass.App.Ct. 367, 372 (1987), quoting Shayeb v. Holland, 321 Mass. 429, 432 (1947). When the terms of a contract are clear and unambiguous the contract will be enforced according to its terms. See Mejia v. American Cas. Co., 55 Mass.App.Ct. 461, 465 (2002).
Taking those two principles of law together, this Court holds that the subcontract between Coastline and Peabody contains an explicit, valid pay-when-paid provision. The pay-when-paid clause is stated in the subcontract itself. Cf. Canam Steel Corp. v. Bowdoin Constr. Corp., 34 Mass.App.Ct. 943, 943 (1993) (re-script) (holding that the pay-when-paid clause was not valid as against a supplier since it was stated indirectly as a clause in another contract that had been incorporated by reference in the contract at issue). The contract explicitly states that payment by Haskell to Peabody for work done by Coastline is a condition precedent to any payment by Peabody to Coastline. Framingham, 61 Mass.App.Ct. at 175; cf. A.J. Wolfe, 355 Mass. at 365 (holding that a clause in a subcontract that read that payment to subcontractor will be made “within 10 days” after the owner pays the general contractor was not a valid pay-when-paid clause).
As this Court has determined that the plaintiffs argument fails as a matter of law, the plaintiffs claim for a preliminary injunction also fails. The plaintiff has not met the first part of the three-part test for determining whether to grant a preliminary injunction; i.e. the moving party’s claim of injury and its likelihood of success on the merits. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980). Therefore, this Court denies the plaintiffs motion for summerly judgment and preliminary injunction as to Peabody and grants summary judgment in favor of the defendant Peabody. See Rule 56(c) (last sentence).
III. Pay-When-Paid Clause as Against Travelers
“As a general rule, a ‘surety is not liable to the creditor unless his principal is liable.’ ” Mestek, Inc. v. United Pacific Ins. Co., 40 Mass.App.Ct. 729, 731 (1996), quoting Rhode Island Hosp. Trust Nat’l Bank v. Ohio Cos. Ins. Co., 789 F.2d 74, 78 (1st Cir. 1986). There are, however, exceptions to this rule. Mestek, 40 Mass.App.Ct. at 731 (citations omitted). The rule does not apply if the surety’s performance is made unconditionally. Id. In that case, the sureiy’s only defenses are in equity. Id.
Coastline argues that Travelers, as it is the payment bond surety, is liable for the $34,055 that is due to Coastline under the subcontract. Travelers argues that it is entitled to the same defenses as Peabody and, thus, it should not have to pay Coastline as the money is not due until Haskell pays Peabody.
In the present case, Travelers may not use the same pay-when-paid defense that is available to Peabody. The payment bond unconditionally states that if a claimant does not get paid within ninety (90) days after the completion of its work, the claimant may sue on the bond. See Mestek, 40 Mass.App.Ct. at 731. Coastline completed the fire protection work on the Project on or around October 29, 2002 and has yet to be paid by Peabody. Therefore, Coastline may properly sue Travelers on the bond.
Moreover, the payment bond does not refer to any of the payment provisions (i.e. pay-when-paid clause) contained in the subcontract or refer to any subcontract at all. Even if the bond had incorporated the subcontract by reference, the holding in Canam, 34 Mass.App.Ct. at 943, contains persuasive language that Travelers would not be bound by the pay-when-paid clause and would not be able to use it as a defense. Therefore, this Court determines that Travelers cannot assert the pay-when-paid defense and is liable as a matter of law to Coastline for the fire protection work that it performed on the Project.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs Motion For Summary Judgment against the defendant Travelers Casualty and Surety Company of America is ALLOWED. It is further ORDERED that the plaintiffs Motion for Summary Judg *267 ment and Preliminary Injunction as to the defendant Peabody Construction Company, Inc. is DENIED. Finally, it is ORDERED that summary judgment is ALLOWED in favor of the defendant Peabody Construction Company, Inc.