NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1140

ANTONINA KHRAMOVA

vs.

HEATHER VAN NESS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Antonina Khramova, appeals from a judgment of the Superior Court dismissing her complaint against the defendant, Heather Van Ness, for failure to state a claim upon which relief can be granted.  See Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974).  We affirm.

Background.  On March 30, 2021, Khramova filed a complaint (first action) in the Wrentham District Court, alleging that, in January 2021, Van Ness, a Walpole police officer, forcibly entered Khramova's home and falsified a police report.  The complaint further alleged that Van Ness made false accusations against Khramova's family and reported the family to the Department of Children and Families.  On August 23, 2021, the

District Court entered a judgment dismissing the first action due to Khramova's failure to serve Van Ness. On September 1, 2021, the plaintiff moved to reopen the case, and, on October 14, 2021, a judge of the District Court held a hearing on the plaintiff's motion. On October 15, 2021, the judge denied the motion to reopen the case.

On October 20, 2021, Khramova refiled the same complaint (second action) in the Wrentham District Court. On November 3, 2021, Khramova filed a notice of appeal from the order denying her motion to reopen the first action. On December 1, 2021, Khramova filed this action (third action) in the Norfolk Superior Court. The third action alleges the same claims arising from the alleged January 14, 2021, incident. The next day, when Khramova failed to appear for the status review of her appeal in the first action, the judge in that case dismissed the appeal.

On June 9, 2022, at a District Court hearing on the second action, Khramova moved for a speedy trial, and a judge denied her motion. Van Ness moved to dismiss the second action and, on September 22, 2022, Khramova failed to appear for the hearing on the motion to dismiss. A judgment of dismissal entered in favor of Van Ness.

On December 23, 2022, Van Ness filed a motion to dismiss the third action in Norfolk Superior Court. On March 7, 2023, a

2

hearing was held on Van Ness's motion to dismiss the third action. At the hearing, when asked whether her allegations in the third complaint were the same as the allegations in the first two District Court complaints, Khramova stated that "[i]t's for [the] same case in [Wrentham] District Court." On March 8, 2023, the judge dismissed the third action pursuant to rule 12 (b) (6), concluding that Khramova's claims were barred by res judicata because each prior dismissal "operate[d] as an adjudication upon the merits." Mass. R. Civ. P. 41 (b) (3), as amended, 454 Mass. 1403 (2009).

Discussion. We review the allowance of a motion to dismiss de novo. See Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011). To survive such a motion, a complaint must plausibly suggest an entitlement to relief. See Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008). Van Ness asserts that the third action, this action, is based on identical claims to the prior two actions and thus is barred by principles of res judicata, specifically claim preclusion.[1] "[T]he party invoking claim preclusion . . . bears the burden of proving that each element has been met." Laramie v. Philip Morris USA Inc., 488 Mass. 399, 405 (2021). The elements of claim preclusion are

_____

[1] Khramova's brief does not contain any contentions rising to the level of appellate argument. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

3

"(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits" (citation omitted). Saade v. Wilmington Trust, Nat'l Ass'n, 494 Mass. 1013, 1015 (2024).

Here, the parties to all three actions are Khramova and Van Ness. The first two complaints were essentially identical, alleging harm resulting from the same events of January 2021, when Van Ness allegedly forced her way into Khramova's home and made false statements about Khramova and her family. Khramova conceded that the third action was the same action that she had filed in district court. Thus, the third cause of action was identical to the first two causes of action.

Under rule 41 (b) (3), a dismissal for failure to state a claim operates as an adjudication on the merits. Mestek, Inc. v. United Pac. Ins. Co., 40 Mass. App. Ct. 729, 731 (1996). Because Khramova failed to prosecute the appeal in the first action or oppose Van Ness's motion to dismiss the second action, both actions were dismissed accordingly, and those dismissals operated as adjudications on the merits. Thus, as all of the

elements for claim preclusion have been met, the judge did not err by dismissing the third action for failure to state a claim.

Judgment affirmed.

By the Court (Massing,
  Walsh & Brennan, JJ.[2]),

*Paul Little*

Clerk

Entered:  February 5, 2025.

---

[2] The panelists are listed in order of seniority.