Massachusetts law provides that employers may not subject any job applicant or employee to a lie detector test. See G.L. c. 149, § 19B(2). It also requires that all applications for employment in Massachusetts include written notice that it is unlawful to require or administer a lie detector test as a condition of employment. Id. § 19B(2)(b). This statute authorizes private enforcement actions, including on behalf of a plaintiff class. Id. § 19B(4). If a plaintiff bringing such a lawsuit were to obtain class certification and prevail on the merits, they could obtain statutory damages of $500 for each class member for each violation and also recover their reasonable attorneys’ fees and costs. Id.
Jeffrey Forbes alleges that he applied for a job with AT&T Mobility Services LLC, which required Forbes to complete an online assessment called a Virtual Job Tryout. Forbes contends that the Virtual Job Tryout (or “VJT”) was an unlawful lie detector test, and that AT&T Mobility did not give him the required notice that lie detector tests are unlawful in Massachusetts. Forbes asserts claims for damages under § 19B and for declaratory relief, and seeks to represent a class of similarly situated plaintiffs.
Forbes has filed similar class action lawsuits alleging lack of notice in violation of § 19B against at least four other employers.[1] In addition, his counsel represents other plaintiffs who have filed similar lack of notice class actions against at least 20 other employers.[2] Most of these other suits do not involve claims that an employer actually administered a lie detector test.
 
--------------------------------------------
 
[1] See Forbes v. Macy’s Inc., Suffolk Super. Ct. no. 2584CV00749-BLS1; Forbes v. Aramark Services, Inc., Suffolk Super. Ct. no. 2584CV00608-BLS2; Forbes v. Target Corp., Suffolk Super. Ct. no. 2484CV02410-BLS2; Forbes v. RTX Corp., Suffolk Super. Ct. no. 2484CV02013-BLS2.
[2]        See DePina v. Restaurant Depot, LLC, Suffolk Super. Ct. no. 2584CV01757-BLS2;
Leonard v. The Hertz Corp., Suffolk Super. Ct. no. 2584CV01165-BLS2; Lamas v.
<continued…>
 
                                                            -1-
 
The Court will allow AT&T Mobility’s motion to dismiss this action.
Though Forbes has standing to press the “lie detector test claim” in count II, that claim fails because the facts alleged by Forbes in his second amended complaint do not plausibly suggest that the Virtual Job Tryout was a lie detector test within the meaning of § 19B. The Court will therefore dismiss that claim with prejudice under Mass. R. Civ. P. 12(b)(6).
In contrast, Forbes lacks standing to press the “lack of notice claim” in count III because he has not alleged any facts suggesting that that he suffered any cognizable injury due to the lack of the statutorily-required notice, and therefore has no private right of action under § 19B because he is not a “person aggrieved” within the meaning of the statute. The Court will dismiss that claim without prejudice under Rule 12(b)(1).
Finally, the Court will dismiss the declaratory judgment claim in count III for the same reasons, as they establish that Forbes does not have a viable claim for declaratory relief.
1. Lie Detector Test Claim. In count II of his second amended complaint, Forbes claims that AT&T Mobility violated G.L. c. 149, § 19B(2) by making him take a lie detector test as part of its job application process. He alleges that he was required to answer online questions posed in a Virtual Job Tryout, and that this electronic instrument was an unlawful lie detected test. This claim fails
 
--------------------------------------------
 
Warby Parker, Inc., Suffolk Super. Ct. no. 2584CV01164-BLS1; Rodriguez v. Five Below, Inc., Suffolk Super. Ct. no. 2584CV01163-BLS1; Landolfi v. Abercrombie & Fitch Co., Suffolk Super. Ct. no. 2584CV01158-BLS2; Alexandrovicz v. Walmart, Inc., Suffolk Super. Ct. no. 2584CV01352-BLS1; Saint Cyr v. JPMorgan Chase & Co., Suffolk Super. Ct. no. 2584CV01139-BLS1; Shi v. Bloomingdales, LLC, no. Suffolk Super. Ct. 2584CV01138-BLS1; Crane v. The Cheesecake Factory, Inc., Suffolk Super. Ct. no. 2584CV01137-BLS2; Blackwell v. Restaurant Depot, LLC, no. Suffolk Super. Ct. no. 2584CV01136-BLS1; Ababio v. Nike, Inc., Suffolk Super. Ct. no. 2584CV01134-BLS1; Brady v. United Parcel Service, Inc., Suffolk Super. Ct. no. 2584CV00523-BLS1; Korn v. Proctor & Gamble Co., Suffolk Super. Ct. no. 2484CV00480-BLS1; Korn v. Amazon.com, Inc., Suffolk Super. Ct. no.2584CV00452-BLS1; Paolo v. Starbucks Corp., Suffolk Super. Ct. no. 2584CV00389-BLS1; Spaulding v. Walgreen Co., Suffolk Super. Ct. no. 2484CV03016-BLS2; McDonough v. Shaw’s Supermarkets Inc., Suffolk Super. Ct. no. 2484CV03015-BLS2; Korn v. Staples, Inc., Suffolk Super. Ct. no. 2484CV02303-BLS1; Baker v. CVS Health Corp., Suffolk Super. Ct. no. 2384CV00993-BLS2; Wolff v. The TJX Companies, Inc., Suffolk Super. Ct. no. 2384CV00901-BLS2. Some of these cases were removed to the United States District Court for the District of Massachusetts.
 
                                                            -2-
 
because the detailed facts alleged by Forbes establish that the VJT instrument is not and was not used as a lie detector test.
For the purposes of this statute, the Legislature defined “lie detector test” to mean:
[A}ny test utilizing a polygraph or any other device, mechanism, instrument or written examination, which is operated, or the results of which are used or interpreted by an examiner for the purpose of purporting to assist in or enable the detection of deception, the verification of truthfulness, or the rendering of a diagnostic opinion regarding the honesty of an individual.
G.L. c. 149, § 19B(1).
AT&T Mobility contends that Forbes lacks standing to challenge use of the VJT because that assessment tool is not a lie detector test. The Court disagrees. Whether Forbes has a viable lie detector test claim, and therefore may assert a private right of action under G.L. c. 149, § 19B(4), does not affect whether the Court can exercise subject matter jurisdiction over this claim. “Whether a plaintiff has a private right of action does not concern the court's subject matter jurisdiction.” Nordberg v. Commonwealth, 96 Mass. App. Ct. 237, 239 (2019).
In the alternative, AT&T Mobility also argues that this claim should be dismissed because the factual allegations in the complaint do not plausibly suggest that Forbes was subjected to a lie detector test.[3] The Court agrees. It will therefore dismiss this claim with prejudice under Mass. R. Civ. P. 12(b)(6).[4]
1.1. The Virtual Job Tryout—Questions and Results. Forbes alleges in his complaint that AT&T Mobility subjects job applicants to an online  assessment
 
--------------------------------------------
 
[3] To survive a motion to dismiss under Mass. R. Civ. P. 12(b)(6), a complaint  must make factual allegations that, if true, would “plausibly suggest … an entitlement to relief.” Lopez v. Commonwealth, 463 Mass. 696, 701 (2012), quoting Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).
[4]  Dismissal of a claim under Rule 12(b)(6) “operates as a dismissal on the   merits” and has “res judicata effect.” Saade v. Wilmington Trust, National Ass’n, 494 Mass. 1193, 1194 (2024), quoting Mestek, Inc. v. United Pacific Ins. Co., 40 Mass. App. Ct. 729, 731, rev. denied, 423 Mass. 1108 (1996).
Though the complaint indicates that Forbes seeks to represent a class of similarly situated persons, he has not moved for class certification. Since no class has been certified, dismissal of this claim with prejudice does not have preclusive effect with respect to the putative class. See Massachusetts General Hosp. v. Rate Setting Comm’n, 371 Mass. 705, 713 (1977).
 
                                                            -3-
 
that is conducted and analyzed by HireVue, Inc., using a software tool developed by a HireVue subsidiary called Moden Hire, Inc.
The complaint alleges that the VJT assessment tool was developed and is used to provide insights into a job applicant’s “situational judgment, ability to handle common challenges and situations, reliability, and adaptability.”
Forbes further alleges that the VJT does so by having applicants participate in “innovative exercises that simulate the job, providing evidence of how candidates are likely to perform.” He alleges that the VJT asks applicants to respond to “questions that present scenarios in which an individual might respond in real life with deception, truthfulness, honest, and/or other conduct.” The complaint provides examples of VJT questions that present scenarios and ask how the applicant would respond. Forbes also alleges that the VJT asks applicants to answer other questions “related to their work history” or “related to their work style.”
The complaint alleges that the VJT assessment process starts by stating, “It is important that you answer all questions honestly and thoroughly.” And it alleges that the VJT also asks applicants to agree that they “will not provide any untrue or misleading information in this assessment,” and will not “omit any information that is requested.”
The complaint further alleges that, based on each applicant’s responses to the VJT questions, HireVue produces a “candidate fit profile” that “rates the candidate in the competencies important to the job, as well as how likely they are to perform and stay in the role.” Forbes alleges that this report “also includes candidate strengths and areas of development, as well as recommended follow up questions for future stages of the hiring process.”
1.2. Not a Lie Detector Test. The detailed factual allegations in Forbes’ complaint make clear that the VJT is not a lie detector test within the meaning of G.L. c. 149, § 19B.
“The purpose of rule 12(b)(6) is to permit prompt resolution of a case where the allegations in the complaint clearly demonstrate that the plaintiff’s claim is legally insufficient.” Harvard Crimson, Inc. v. President and Fellows of Harvard Coll., 445 Mass. 745, 748 (2006). Where a complaint sets out “detailed factual allegations which the plaintiff contends entitle him to relief,” a claim may be dismissed if those allegations “clearly demonstrate that plaintiff does not have a claim.” Fabrizio v. City of Quincy, 9 Mass. App. Ct. 733, 734 (1980) (affirming dismissal); accord Nguyen v. Univ. of Mass., 66 Mass. App. Ct. 276, 277 (2006) (affirming dismissal).
 
                                                            -4-
 
As noted above, an assessment constitutes a “lie detector test” only if it is operated, or its results are used or interpreted, “for the purpose of purporting to assist in or enable the detection of deception, the verification of truthfulness, or the rendering of a diagnostic opinion regarding the honesty of an individual.” G.L. 149, § 19B(1).
Forbes has not alleged any facts plausibly suggesting that AT&T Mobility uses the VJT for the purpose of detecting deception, verifying truthfulness, or evaluating the honesty of an applicant.
To the contrary, as recounted above, the complaint alleges in some detail that the main purpose of the VJT is to evaluate a candidate’s “situational judgment, ability to handle common challenges and situations, reliability, and adaptability” in order to determine whether they appear to have the skills needed for a particular job, “as well as how likely they are to perform and stay in the role.” An assessment tool used for the purposes alleged by Forbes is not a lie detector test. Quite simply, Forbes’ complaint “contains insufficient allegations to support the inference that his interview was used for the purpose of truth assessment.” See Saint Cyr v. JPMorgan Chase Bank, N.A., civil action no. 25-11751-BEM, slip op at *5–*6, 2025 WL 2977935, at *e (D.Mass. Oct. 22, 2025) (Murphy, J.) (dismissing lie detector test claim against employer for using HireVue online assessment tool).
The VJT does not fall within the statutory definition of a “lie detector test” merely because it tells applicants that they must “answer all questions honestly and thoroughly,” requires applicants to agree that they “will not provide any untrue or misleading information in this assessment,” and asks questions about work history that could be corroborated or disproved. All employers require that job applicants answer questions honestly, and seek some information that can be verified.
Forbes’ suggestion that he should be allowed to conduct discovery to try to learn whether AT&T Mobility secretly uses the VJT as a lie detector test is without merit. A civil plaintiff is required to state a viable claim before they may engage in discovery about it. “Discovery cannot be used as a vehicle for discovering a right of action.” See E.A. Miller, Inc. v. South Shore Bank, 405 Mass. 95, 100 (1989), quoting MacKnight v. Leonard Morse Hosp., 828 F.2d 48, 51 (1st Cir. 1987), and 4 Moore’s Federal Practice ¶ 26.56[1], at 26-95 n.3 (1987).
It would be absurd to read § 19B as barring employers from telling job applicants that they are expected to be honest when answering questions, or as making it unlawful for employers to ask questions about an applicant’s work history because that would permit investigation to determine whether the
 
                                                            -5-
applicant responded truthfully. That cannot be what the Legislature intended. See, e.g., Commonwealth v. Peterson, 476 Mass. 163, 167 (2017) (“we do not adhere blindly to a literal reading of a statute if doing so would yield an ‘absurd’ or ‘illogical’ result”) (quoting Commonwealth v. Parent, 465 Mass. 395, 409–410 (2013); City of Worcester v. College Hill Properties, LLC, 465 Mass. 134, 145 (2013) (statutes “should not be so interpreted as to cause absurd or unreasonable results when the language is susceptible of a sensible meaning”) (quoting North Shore Realty Trust v. Commonwealth, 434 Mass. 109, 112 (2001)).
Finally, although Forbes repeatedly insists in his complaint that the VJT constitutes a “lie detector test” under § 19B, those conclusory and unsupported assertions are not enough to state a viable claim. “Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.” Doe v. American Guar. & Liab. Co., 91 Mass. App. Ct. 99, 105 (2017), quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In deciding a Rule 12(b)(6) motion to dismiss, the Court must “look beyond the conclusory allegations in the complaint and focus on whether the factual allegations plausibly suggest an entitlement to relief.” Maling v. Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 473 Mass. 336, 339 (2015), quoting Curtis v. Herb Chambers I–95, Inc., 458 Mass. 674, 676 (2011). “While ‘detailed factual allegations’ are not required at the pleading stage, mere ‘labels and conclusions’ will not survive a motion to dismiss.” Burbank Apartments Tenant Ass’n v. Kargman, 474 Mass. 107, 116 (2016), quoting Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).
2. Lack of Notice Claim. Forbes also claims in count III that AT&T Mobility violated § 19B(2)(b) by not giving him the written notice mandated by statute that Massachusetts employers may not require or administer a lie detector test. This claim fails because Forbes does not allege facts sufficient to show that he suffered any substantial injury as a result. He therefore lacks standing. The Court will dismiss this claim without prejudice under Mass. R. Civ. P. 12(b)(1).[5]
As noted above, the Legislature provided that “[a]ny person aggrieved by a violation of subsection (2)” may bring suit. See G.L. c. 149, § 19B(4).
AT&T Mobility’s argument that § 19B(4) authorizes suits regarding alleged administration of a lie detector test in violation of § 19B(2), but does not create a private right of action against employers who fail to give written notice required by ¶ (2)(b), is unavailing. The most natural reading of the reference to
 
--------------------------------------------
 
[5] “Dismissals for lack of subject matter jurisdiction are ordinarily without prejudice because dismissal for lack of jurisdiction is typically not an adjudication on the merits.” Abate v. Fremont Inv. & Loan, 470 Mass. 821, 836 (2015); accord Bevilacqua v. Roberts, 460 Mass. 762, 779–780 (2011).
 
                                                            -6-
 
“subsection (2),” in the language quoted above, is that it encompasses the entire subsection, including not only the first paragraph but also the notice provision in ¶ 2(b). Section § 19B(4) therefore authorizes claims by job applicants that suffered actual and substantial injury because they were not provided with the statutorily-required notice. See Ababio v. Nike Retail Services, civ. action no. 2584CV01134-BLS1, slip op. at 6–7 (Nov. 25, 2025) (Barry-Smith, J.); Baker v. CVS Health Corp., 717 F.Supp.3d 188, 193 (D.Mass. 2024) (Saris, J.).
But Forbes lacks standing to assert his lack of notice claim for a different reason, also argued by AT&T Mobility. Although § 19B(4) authorizes any “person aggrieved” by an employer’s failure to give the required notice that lie detector tests are unlawful to bring suit, the facts alleged by Forbes in his complaint do not plausibly suggest that Forbes is “aggrieved” within the meaning of § 19B.[6]
The Court agrees with Business Litigation Session colleagues who have found that a plaintiff must be able to “establish a ‘nonspeculative harm that is more than minimal or slightly appreciable” to have standing to bring suit as a “person aggrieved” by a violation of § 19B, ¶ 2(b). Whitney v. The Hertz Corp., civ. action no. 2584CV01165-BLS2 (Dec. 1, 2025) (Squires-Lee, J.), quoting Ababio, supra, slip op. at 12 (Barry-Smith, J.); accord Stone z. Zoning Bd. of Appeals of Northborough, 496 Mass. 366, 374 (2025) (construing zoning act, G.L. c. 40A, § 17). “Injuries that are speculative, remote, and indirect are insufficient to confer standing” under a statute that gives only “persons aggrieved” by a violation the right to sue. Wendy’s Old Fashioned Hamburgers of New York, Inc. v.
 
--------------------------------------------
 
[6] If a motion to dismiss for lack of standing is not supported by any evidence, it “presents a ‘facial attack’ based solely on the allegations of the complaint,” which the court must assume are true for the purpose of deciding whether it has subject matter jurisdiction to resolve the claim. Callahan v. First Congregational Church of Haverhill, 441 Mass. 699, 709 (2004), quoting Hiles v. Episcopal Diocese of Mass., 437 Mass. 505, 516 n.13 (2002). Alternatively, a defendant may instead submit “documents and other materials outside the pleadings,” including materials “that are not affidavits,” in an attempt to “contest the accuracy (rather than the sufficiency) of the jurisdictional facts pleaded by the plaintiff.” Callahan, supra, at 710–711. If the defendant makes such a “factual challenge” to subject matter jurisdiction, the court must “address the merits of the jurisdictional claim by resolving the factual disputes between the plaintiff and the defendants.” Id. at 711.
AT&T Mobility has made a “facial attack” on Forbes’ standing with respect to the lack of notice claim. Though AT&T Mobility presented additional evidence in connection with its challenge to Forbes’ standing to bring the lie detector test claim, it has not presented any evidence with respect to Forbes’ standing as to the notice claim.
 
                                                            -7-
 
Board of Appeal of Billerica, 454 Mass. 374, 383–384 (2009), quoting Ginther v.
Comm’r of Ins., 427 Mass. 319, 323 (1998) .
The Legislature did not define the phrase “person aggrieved” in § 19B. But it must have known that this term was used in other statutes authorizing lawsuits, and that Supreme Judicial Court had given the phrase a well understood and well established meaning. Thus the Legislature presumably intended that this part of § 19B be construed in the same way as it had been interpreted by appellate decisions applying other statutes.
We must presume that when the Legislature enacts a statute it “is aware of the prior state of the law as explicated by the decisions” of the Supreme Judicial Court and the Massachusetts Appeals  Court.  Commonwealth  v.  Callahan,  440 Mass. 436, 441 (2003). For example, where the Legislature uses a particular term that appears in other statutes and has been construed by the appellate courts, we must “presume that the Legislature was well aware” of the prior use “and the meaning attributed to that term” through prior “decisional law.” Commonwealth v. Rezendes, 88 Mass. App. Ct. 369, 373–374 (2015).
When the Legislature acted in 1985 to add the lie detector notice provision and a private right of action to § 19B,[7] it was already well-established that the statutory reference to a “person aggrieved” means someone who can “allege substantial injury as the direct result of the action complained of.” Massachusetts  Elec.  Co.  v.  Massachusetts  Comm'n  Against   Discrimination, 375 Mass. 160, 177–178 (1978) (construing G.L. c. 151B, § 5); accord Boston Edison Co. v. Boston Redev. Auth., 374 Mass. 37, 46 (1977) (construing statute authorizing suit by “any person … who is aggrieved” by a vote of the BRA).
The requirement of “substantial injury” caused by an alleged statutory violation continues to be the accepted meaning of “person aggrieved.” See, e.g., Board of Health of Sturbridge v. Board of Health of Southbridge, 461 Mass. 548, 559 (2012) (construing G.L. c. 30A, § 14, which authorizes any “person aggrieved” to seek judicial review of adjudicatory decisions by administrative agencies); Ginther, 427 Mass. at 322 (construing G.L. c. 175, § 206D(f)(1) , which authorizes appeals by any “person aggrieved” by an action of the Commissioner of Insurance); Harvard Law School Coalition for Civil Rights v. President and Fellows of Harvard College, 413 Mass. 66, 69 (1992) (construing G.L. c. 151B, § 9, which authorizes “any person claiming to be aggrieved” by an unlawfully discriminatory practice to bring suit).
 
--------------------------------------------
 
[7]        See St. 1985, c. 587, § 1.
 
                                                            -8-
 
In sum, since it was established as of 1985 that only someone who has suffered a “substantial injury” because of a statutory violation may bring suit as a “person aggrieved,” that must be what the Legislature meant when it limited private causes of action under § 19B to “persons aggrieved” by a violation of that statute. See Rezendes, 88 Mass. App. Ct. at 373–374. Indeed, the Supreme Judicial Court has held that, when construing statutes authorizing lawsuits by any “person aggrieved,” that phrase means the same thing even in very different statutory contexts. See Ginther, 427 Mass. at 322.
Forbes alleges no facts plausibly suggesting that AT&T Mobility’s failure to give him notice that it is illegal for employers to impose lie detector tests caused him to suffer any injury at all, never mind any “substantial injury.” As discussed above, the complaint does not plausibly suggest that AT&T Mobility ever subjected Forbes to a lie detector test. Nor does Forbes allege that the lack of notice caused him to suffer some other kind of substantial injury. Forbes therefore has no standing to assert his lie detector notice claim.
This does not mean that the lie detector notice provision in G.L. c. 149, § 19B(2)(b) is an empty letter. The Attorney General is empowered to enforce the lie detector statute, including the notice requirement. See G.L. c. 149, § 2. She could seek fines of up to $1000 for each violation, without having to prove that any job applicant suffered an actual injury. See G.L. c. 149, § 19B(3). Where a consumer protection statute authorizes enforcement actions by the Attorney General, she is not required to allege or prove that the claimed violation caused individual consumers to suffer economic injury. See Commonwealth v. Fall River Motor Sales, Inc., 409 Mass. 302, 312 (1991) (applying G.L. c. 93A, § 4).
In contrast, the Legislature authorized private enforcement actions only by “aggrieved” persons, meaning those that have suffered a substantial injury, to bring a private right of action. The existence of a statutory duty to provide notice that lie detector tests are illegal in Massachusetts does not, standing alone, give all job applicants who do not receive such a notice standing to sue. Where a statute authorizes suit only be “aggrieved” persons, “a plaintiff [must] do more than merely allege a [statutory] violation” to establish standing. Murchison v. Zoning Bd. of Appeals of Sherborn, 485 Mass. 209, 214 (2020). “[T]he creation of a protected interest (by statute, ordinance, bylaw, or otherwise) cannot be conflated with the additional, individualized requirements that establish standing” by showing a plaintiff is “aggrieved” by the violation. Id., quoting Sweenie v. A.L. Prime Energy Consultants, 451 Mass. 539, 545 (2008).
The case law construing similar language in the Consumer Protection Act provides instructive guidance By statute, any “person … who has been
 
                                                            -9-
 
injured” by an unlawful trade practice, and is not themselves engaged in trade or commerce, may bring suit under G.L. c. 93A, § 9(1). “Aggrieved” and “injured” mean the same thing. See, e.g., Ginther, supra (aggrievement requires “substantial injury”). To meet the injury requirement under c. 93A, “a plaintiff must have suffered a ‘separate, identifiable harm arising from the [regulatory] violation’ that is distinct ‘from the claimed unfair or deceptive conduct itself.’ ” Bellermann v. Fitchburg Gas & Elec. Light Co., 475 Mass. 67, 73 (2016), quoting Tyler v. Michaels Stores, Inc., 464 Mass. 492, 501–503 (2013).
In enacting c. 93A, “the Legislature … did not intend to confer on plaintiffs who have suffered no harm the right to receive a nominal damage award which will in turn entitle them to a sometimes significant attorney’s fee recovery.” Aspinall v. Philip Morris Cos. Inc., 442 Mass. 381, 401 (2004), quoting Lord v. Commercial Union Ins. Co., 60 Mass. App. Ct. 309, 321–322 (2004).
The same is true here. Nothing in § 19B(4) suggests that the Legislature was conferring on job applicants who have suffered no harm the right to bring suit whenever an employer neglects to provide notice that lie detector tests are illegal, to collect nominal damages on their own behalf and on behalf of a proposed class, and to recoup attorney’s fees and costs.
Forbes’ reliance on Kenn v. Eascare, LLC, 103 Mass. App. Ct. 643 (2024), is misplaced. Kenn concerned the Federal Fair Credit Reporting Act (“FCRA”), which provides that anyone who violates that law “is liable” to the affected consumer, and authorized a private cause of action “to enforce any liability created” under FCRA without any need to allege or prove actual injury. Id.   at 651, quoting 15 U.S.C. § 1681a and § 1681p. The Appeals Court distinguished FCRA from Massachusetts statutes in which standing “is governed by the definition of ‘person aggrieved.’ ” Id. at 650. The decision in Kenn “says nothing about whether the Plaintiff here is a ‘person aggrieved’ as that phrase has been construed in the Commonwealth” with respect to Massachusetts statutes, because FCRA does not granted standing based on whether a person is “aggrieved” by a statutory violation. See Whitney v. The Hertz Corp., civ. action no. 2584CV01165-BLS2 (Dec. 1, 2025) (Squires-Lee, J.).
3. Declaratory Judgment Claim. Since the facts alleged in the complaint do not plausibly suggest that Forbes was required to take a lie detector test, or that he has standing to sue AT&T Mobility for failing to provide notice required under G.L. c. 149, § 19B(2)(b), the Court will also dismiss Forbes’ claim for declaratory relief in count I. See Buffalo-Water  1,  LLC  v.  Fidelity  Real  Estate  Co.,  LLC, 481 Mass. 13, 17–22 (2018).
 
                                                            -10-
 
ORDER
Defendant’s motion to dismiss the second amended complaint (docket no. 24) is allowed. The lie detector test claim in count II is hereby dismissed with prejudice. The lack of notice claim in count III and declaratory judgment claim in count I are dismissed without prejudice. Final judgment shall enter consistent with this order.
/s/Kenneth W. Salinger Justice of the Superior Court
February 5, 2026