NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-255

WELLS FARGO BANK, N.A., trustee,[1]

vs.

BENJAMIN A. COULSEY & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal stems from a postforeclosure summary process action brought by the plaintiff, Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2007-4, Asset-Backed Certificates, Series 2007-4 (Wells Fargo), against Sarah and Benjamin Coulsey, who are the occupants of a home located at 50 Cleveland Street in Greenfield (the property).[3]  Sarah purchased the property in 2007 but quickly fell behind on her payments,

_____

[1] For Option One Mortgage Loan Trust 2007-4, Asset-Backed Certificates, Series 2007-4.

[2] Sarah L. Coulsey.

[3] As the plaintiffs share the same last name, we refer to them by their first names for ease of reference.

and litigation ensued over the next seventeen years in both State and Federal courts regarding her default, subsequent attempts at loan modifications, and Wells Fargo's compliance with foreclosure requirements. After prevailing in this prior litigation, Wells Fargo sought possession of the property in the Housing Court, where the judge dismissed the Coulseys' defenses and counterclaims and entered judgment in favor of Wells Fargo. Sarah and Benjamin appeal, raising numerous issues, none of which provides a basis for the relief they seek. Accordingly, we affirm.

Background. We summarize only those facts necessary to provide context for our discussion of the issues. As noted, Sarah purchased the property in 2007 using funds from a loan secured by a mortgage on the property. Within a year, the mortgage was in foreclosure. Negotiations between Sarah and the various mortgage holders to cure the default and modify the terms of the mortgage ensued but ultimately were unsuccessful.[4] Eventually, the note and mortgage were transferred to Wells Fargo.[5]

---

[4] During those negotiations, the mortgage servicer changed from Option One Mortgage Corporation to American Home Mortgage Services, Inc., Homeward Residential Holdings, Inc., and Ocwen Loan Servicing, LLC.

[5] The allonge, endorsing the note to Wells Fargo, is dated January 30, 2007. The mortgage was assigned to Wells Fargo on October 14, 2008.

1.  The 2015 litigation.  As the mortgagee and note holder, Wells Fargo initiated foreclosure proceedings on the property and a foreclosure auction was scheduled for January 22, 2015.  However, prior to that date, on January 20, 2015, Sarah filed a complaint in the Superior Court against several of the entities involved in procuring and servicing the loan and obtained a preliminary injunction enjoining the auction.  Wells Fargo was not named in that initial complaint.  The case was then removed to Federal court, and on February 24, 2015, Sarah filed an amended complaint naming Wells Fargo as a defendant.  The amended complaint asserted, among other claims:  (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) fraud, deceit, or negligent misrepresentation; (4) negligence; (5) violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617; and (6) violation of G. L. c. 93A, § 11.

Together with the other defendants, Wells Fargo filed a motion for judgment on the pleadings, which resulted in the dismissal of all claims by a United States magistrate judge. The claims against Wells Fargo, however, were dismissed without prejudice because the amended complaint failed to allege any misconduct on its part.[6]  The judge granted Sarah sixty days to

---

[6] The claims against the remaining defendants, who are no longer in this case, were mostly dismissed with prejudice.

3

file a second amended complaint as to those claims, which she did on February 12, 2016. The second amended complaint alleged, among other things: (1) violation of the Federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.; (2) violation of RESPA; (3) fraud, deceit, or negligent misrepresentation; (4) violations of G. L. c. 93A, § 9; (5) defamation; and (6) emotional distress.

For reasons that do not appear on the record, the United States magistrate judge was recused, and the case was then handled by a United States District Court judge, who granted Wells Fargo's motion for a judgment on the pleadings and dismissed Sarah's second amended complaint. Sarah's motion to file a third amended complaint was denied. Sarah appealed, and the order granting Wells Fargo's motions to dismiss and for judgment on the pleadings and the order denying Sarah's motion to file a third amended complaint were affirmed by the First Circuit Court of Appeals in 2019.

2. The 2021 litigation. Thereafter, Wells Fargo moved forward with the foreclosure and scheduled a new auction date of September 2, 2021. Sarah again sought to enjoin the auction and filed an emergency motion for a preliminary injunction and a new complaint (the 2021 complaint) on August 31, 2021, in Superior Court. Like the second amended complaint from the 2015 litigation, the 2021 complaint alleged violations of FDCPA and

4

c. 93A. It also alleged, among other claims, that the mortgage became unenforceable pursuant to G. L. c. 106, § 3-118, after the six-year statute of limitations passed. After a hearing, a judge of the Superior Court denied Sarah's request for an injunction. The judge concluded that the claims advanced in support of the injunction were precluded by the prior litigation and therefore it was "unlikely" that Sarah's complaint would be successful. The foreclosure auction proceeded, and Wells Fargo was the highest bidder and purchased the property. Thereafter, the case was again removed to Federal court. On October 26, 2021, the same United States District Court judge who dismissed Sarah's second amended complaint allowed Wells Fargo's motion to dismiss for failure to state a claim. The judge concluded that the arguments were, or should have been, raised in the 2015 litigation and were barred by the doctrine of claim preclusion.

3. The summary process action. Meanwhile, on or about January 10, 2022, Wells Fargo recorded a foreclosure deed and an affidavit pursuant to G. L. c. 244, § 15, with the registry in Franklin County. Wells Fargo also recorded an affidavit of compliance and averred that the mortgagee held the note at the time of the foreclosure. Wells Fargo then served a notice to quit on March 11, 2022, and filed a summary process action seeking to evict the Coulseys on May 4, 2022.

5

Sarah and Benjamin's answer to the summary process complaint alleged, among other claims and defenses, that Wells Fargo lacked standing to bring the action, gave defective notice, did not comply with foreclosure requirements, violated c. 93A, and engaged in predatory loan practices. Wells Fargo filed a motion to dismiss the defenses and counterclaims. A judge of the Housing Court allowed the motion on the ground that the Coulseys' claims were or could have been litigated in the prior actions and therefore were barred by res judicata. Wells Fargo also filed a motion for summary judgment on the remaining possession claim, which was allowed. The Coulseys appealed.[7]

---

[7] Benjamin subsequently filed a motion for relief from judgment pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), claiming that he should not be subject to the summary process action because he had no relation to the foreclosed mortgage and "no legal ties at all" to Wells Fargo. The motion was denied in a margin endorsement: "Despite Mr. Coulsey not being a signatory to the loan or mortgage, he is an adult occupant and judgment for possession is appropriate." We note that Benjamin purports to appeal from the denial of this motion; however, he did not file a separate notice of appeal as required by Mass. R. A. P. 4 (a) (3), as appearing in 481 Mass. 1606 (2019). "A notice of appeal filed before the disposition of any timely motion listed in Rule 4 (a) (2) shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the last such remaining motion." Id. As a result, the argument is not properly before us. "A timely notice of appeal is a jurisdictional prerequisite to our authority to consider any matter on appeal." DeLucia v. Kfoury, 93 Mass. App. Ct. 166, 170 (2018). In any event, even if we had jurisdiction, the motion was properly denied for the reasons stated by the judge.

6

Discussion.  1.  Motion to dismiss.  Our review of a motion to dismiss is de novo.  See Buffalo-Water 1, LLC v. Fidelity Real Estate Co., LLC, 481 Mass. 13, 17 (2018).  That said, our review of the record leads us to the same conclusion as the judge.  The Coulseys' defenses and counterclaims are barred by the doctrine of claim preclusion within the defense of res judicata.  "The term 'res judicata' includes both claim preclusion and issue preclusion.  The doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action" (quotations and citations omitted).  TLT Constr. Corp. v. A. Anthony Tappe & Assocs., 48 Mass. App. Ct. 1, 4 (1999).  For claim preclusion to bar the Coulseys' arguments against Wells Fargo, three elements are required:  "(1) the identity or privity of the parties to the present and prior actions; (2) identity of the cause of action; and (3) prior final judgment on the merits" (citation omitted).  Id.

We first address the issue of identity or privity of the parties to the present and prior actions.  Both Sarah and Benjamin argue that the parties differ because Wells Fargo was not named as a defendant in the first original complaint filed in Superior Court and was added in name only in the first amended complaint filed in Federal court.  Neither provides a

7

basis for concluding that Wells Fargo was not a party to the prior actions. To the contrary, Sarah was explicitly granted permission to file a second amended complaint in Federal court so that she could "address certain shortcomings" with respect to the claims (against Wells Fargo) that had been dismissed without prejudice. Furthermore, Wells Fargo has participated in defending <u>all</u> prior complaints, including the original complaint and the first amended complaint. Given these circumstances, we are not persuaded that Wells Fargo was not a party to the prior litigation.[8]

Next, Benjamin contends that the doctrine of claim preclusion should not apply to him because he was not a named plaintiff in the prior litigation. While it is true that Benjamin, who was not a party to the note or mortgage, did not join the litigation until Wells Fargo brought the summary process action, he was a party in privity to the real party in interest, namely, his wife Sarah. Our case law does not require absolute identical parties as Benjamin asserts. Rather, we look

---

[8] The argument that Wells Fargo was not a party to the litigation because Sarah had not designated it as "trustee" also fails. First, while that particular designation was not included in the caption of Sarah's second amended complaint, she alleged that Wells Fargo was, in fact, acting as trustee. In addition, the Federal docket names "Wells Fargo Bank, N.A., As Trustee" as a defendant, and the judge's memorandum of decision dismissing the complaint identifies it as "Wells Fargo Bank N.A., as Trustee."

to the relationship between the party and the non-party and the nature of their interest in the litigation.  See DeGiacomo v. Quincy, 476 Mass. 38, 43-44 (2016).  Here, there is no question that Benjamin, as an occupant of the home on the property, shared the same interests as Sarah in every material aspect of the prior litigation.  Furthermore, we conclude that there are no "special circumstances or due process considerations which make it unfair to bind [Benjamin] to [the prior] judgment[s]" (citation omitted).  Id. at 44.

We now turn to the identity of the causes of action.  This element of claim preclusion is met when a claim has been or could have been litigated in a prior action.  See LaRace v. Wells Fargo Bank, N.A., 99 Mass App. Ct. 316, 323-324 (2021); TLT Constr. Corp., 48 Mass. App. Ct. at 7.  Sarah and Benjamin argue that their claims regarding ownership of the note and assignment of the mortgage to Wells Fargo were not previously litigated and therefore not subject to claim preclusion.  Our review of the record discloses no support for this argument.[9]

_____

[9] For example, the second amended complaint "call[s] into question Wells Fargo Bank[']s actual role in [Sarah's] mortgage loan, and the legality they have in regards to said loan," challenges American Home Mortgage's "power to sell the mortgage" to Wells Fargo, and accuses Wells Fargo of misrepresenting material facts regarding "who is the true note holder."  The judge acknowledged Sarah's argument that "the assignment of her mortgage to Wells Fargo was fraudulent" and that "Wells Fargo identifies itself as the Trustee . . . that holds the mortgage

9

Furthermore, even if we were to conclude otherwise, their argument is unavailing because it ignores the aspect of claim preclusion, which bars claims that could have been litigated in a prior action. Even assuming that Sarah did not challenge Wells Fargo's ownership of the note and mortgage when she commenced litigation in 2015, we have no doubt that she certainly could have done so.

The same rationale precludes the Coulseys from relitigating their claims brought pursuant to G. L. c. 93A. Sarah was permitted to file an amended complaint in order to specify the basis for her allegation that Wells Fargo (and the other defendants) had engaged in unfair and deceptive acts. Any new basis or theory supporting her c. 93A claim could have been brought at that time. Moreover, Sarah's assertion that c. 93A violations are ongoing and therefore could not have been advanced in prior litigation is contrary to the purpose of the doctrine of res judicata, which assures that judgments are conclusive and relitigation of issues that were or could have been raised in an original action are avoided. See DeGiacomo, 476 Mass. at 41.

The last requirement, whether there was a final judgment on the merits, also has been satisfied. Each of the prior matters

_____

note . . . an assertion Plaintiff disputes," but ultimately allowed the defendants' motion to dismiss.

10

were decided on motions to dismiss or motions for judgment on the pleadings, and subject to appellate review, thus they were final judgments on the merits.[10]  See Mestek, Inc. v. United Pac. Ins. Co., 40 Mass. App. Ct. 729, 731 (1996).  In addition, the dismissal of the second amended complaint was affirmed by the First Circuit.  In sum, all three elements of claim preclusion were met, and the judge properly dismissed the Coulseys' defenses and counterclaims as barred by res judicata.

2.  Summary judgment.  We now turn to Wells Fargo's claim of possession and to the question of whether it is entitled to summary judgment as a matter of law.  "We review a grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law" (citation and quotation omitted).  Blake v. Hometown Am. Communities, Inc., 486 Mass. 268, 272 (2020).  To prevail on its motion for summary judgment,

---

[10] Sarah contends that because the dismissal of the second amended complaint was based on the applicable statutes of limitations rather than a determination of the merits, the judgments cannot be given res judicata effect.  This contention is based on a misunderstanding of Mass. R. Civ. P. 41 (b) (3), as amended, 454 Mass. 1403 (2009), which provides:  "any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, or for improper amount of damages . . . operates as an adjudication upon the merits."  See Mestek, Inc. v. United Pac. Ins. Co., 40 Mass. App. Ct. 729, 731 (1996).

11

Wells Fargo "had the burden of showing that there are no material facts in dispute regarding its legal title to the property" (citation omitted). Bank of N.Y. v. Bailey, 460 Mass. 327, 334 (2011). "In a summary process action for possession after foreclosure by sale, the plaintiff is required to make a prima facie showing that it obtained a deed to the property at issue and that the deed and affidavit of sale, showing compliance with statutory foreclosure requirements, were recorded." Id. See Federal Nat'l Mtge. Ass'n v. Hendricks, 463 Mass. 635, 642 (2012) ("in a summary process action a foreclosure deed and statutory form [affidavit] constitute prima facie evidence of the right of possession"); Deutsche Bank Nat'l Trust Co. v. Gabriel, 81 Mass. App. Ct. 564, 568-570 (2012).

Wells Fargo met its burden. There is no dispute that Wells Fargo conducted a public foreclosure auction at which it purchased the property. Wells Fargo then recorded the foreclosure deed, with the affidavit of sale. Furthermore, Wells Fargo complied with the publication and notice requirements of G. L. c. 244, § 14, as evidenced by the affidavit of sale attached to the recorded foreclosure deed. Once Wells Fargo made a prima facie case, it was "incumbent on [the Coulseys] to counter with [their] own affidavit or acceptable alternative demonstrating at least the existence of a genuine issue of material fact to avoid summary judgment against

12

[them]."  Hendricks, 463 Mass. at 642.  Here, the Coulseys did not submit an affidavit in opposition to summary judgment and have not pointed to any evidence in the record that contradicts Wells Fargo's compliance with the statutory foreclosure requirements, nor have they directed our attention to any competent evidence that Wells Fargo was not the holder of the note and the mortgage at the time of the foreclosure.  Because the Coulseys offered nothing to show the existence of a genuine issue of material fact, summary judgment was correctly entered against them.[11]

Judgement affirmed.

By the Court (Vuono,
  Hershfang & Tan, JJ.[12]),

Clerk

Entered:  May 12, 2025.

---

[11] In addition, Sarah and Benjamin's assertion that Wells Fargo is barred from foreclosing by the six-year statute of limitations provided for in G. L. c. 106, § 3-118, fails.  This section of the statute applies to notes and other negotiable instruments, and not mortgages.  See Dorsey v. Rathbun, 102 Mass. App. Ct. 600, 607 (2023) ("The expiration of the limitations period for enforcing the note does not, however, preclude the plaintiff from enforcing the mortgage").

[12] The panelists are listed in order of seniority.

13